**Electronically Filed**
**Supreme Court**
**SCOT-17-0000777**
**30-NOV-2018**
**03:39 PM**

SCOT-17-0000777

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

_____

IN THE MATTER OF CONTESTED CASE HEARING RE
CONSERVATION DISTRICT USE APPLICATION (CDUA) HA-3568
FOR THE THIRTY METER TELESCOPE AT THE MAUNA KEA SCIENCE
RESERVE, KA‘OHE MAUKA, HĀMĀKUA, HAWAI‘I, TMK (3)404015:009

_____

APPEAL FROM THE BOARD OF LAND AND NATURAL RESOURCES
(BLNR-CC-16-002 (Agency Appeal))

<u>ORDER OF CORRECTION</u>
(By: McKenna, J.)

IT IS HEREBY ORDERED that, pursuant to the Order Granting in Part and Denying in Part Motion for Reconsideration, filed by this Court on November 29, 2018, the Opinion of the Court, filed October 30, 2018, is corrected as follows, in an Amended Opinion to be filed concurrently with this Order of Correction:

1.  On pages 34-35, footnote 15 is deleted in its entirety.

2.  On page 36, footnote 17 is renumbered as footnote 16, and the footnote is modified to read the following, in full:

> The Kihoi Appellants allege in Point of Error B(2) that the BLNR erred by stating that Article XII, Section 7 does not protect contemporary Native Hawaiian cultural practices. The record reflects, however, that the BLNR appropriately took into account contemporary (as well as customary and traditional) Native Hawaiian cultural practices, finding and concluding that none were taking place within the TMT Project site or its immediate vicinity, aside from the recent construction of ahu to protest the TMT Project itself, which was not found to be a reasonable exercise of cultural rights. Further, although the BLNR defined the

"relevant area" in its <u>Ka Paʻakai</u> analysis as the TMT Observatory site and Access Way, the Board's findings also identified and considered the effect of the project upon cultural practices in the vicinity of the "relevant area" and in other areas of Mauna Kea, including the summit region, as <u>Ka Paʻakai</u> requires.  <u>See</u> 94 Hawaiʻi at 49, 7 P.3d at 1086 (faulting the agency for failing to address "possible native Hawaiian rights or cultural resources outside [the area at issue]").

3.  On page 72, the name of one of the attorneys for appellee the University of Hawaiʻi at Hilo is corrected to "Lindsay N. McAneeley."

4.  Other technical, non-substantive changes have been made to the Amended Opinion.

The Clerk of the Court is directed to take all necessary steps to notify the publishing agencies of these changes.

DATED: Honolulu, Hawaiʻi, November 30, 2018.

/s/ Sabrina S. McKenna

Associate Justice



2